IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| MARCUS HUNT, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| STEVEN OGUNJOBI, ) | |
| ) | |
| Serve:  Steven Ogunjobi ) | |
| Metropolitan Police Department ) | |
| 1915 Olive Street ) | |
| St. Louis, MO 63103 ) | |
| and ) | |
| ) | |
| JACOB STEIN, ) | |
| ) | |
| Serve:  Jacob Stein ) | |
| Metropolitan Police Department ) | |
| 1915 Olive Street ) | |
| St. Louis, MO 63103 ) | |
| ) | |
| Defendants. ) | |

## PETITION

1.  Plaintiff Marcus Hunt alleges St. Louis police officers unlawfully arrested him despite no reasonable suspicion of criminal activity. The unlawful arrest was then followed by St. Louis police officers using excessive force against him, including tasing even though he was unarmed, non-threatening, and had complied with their instructions. Mr. Hunt seeks judgments against the officers for violating his First Amendment, Fourth Amendment, and state rights.

## PARTIES

2.  Plaintiff Marcus Hunt is a citizen of Missouri who resides in St. Louis City.

3. Defendants Steven Ogunjobi and Jacob Stein are police officers employed by the St. Louis Metropolitan Police Department who were, at all times relevant to this Petition, acting under color of law. They are sued in their individual capacity.

4. Venue is proper in the Circuit Court of the City of St. Louis because all acts complained of occurred within the City of St. Louis.

## FACTS

5. On Sunday morning, April 14, 2019, Marcus Hunt walked from across the street from Poelker Park in downtown St. Louis to near the Southeast corner of Tucker Boulevard and Market Street, next to City Hall.

6. Mr. Hunt saw two police officers speaking to one of his friends. Those officers were Bridget Fournie and Defendant Steven Ogunjobi.

7. Mr. Hunt knew Defendant Ogunjobi. At all times relevant to this Petition, Mr. Hunt was unhoused and experienced Defendant Ogunjobi being overly aggressive and hostile to himself and other unhoused members of the public.

8. Mr. Hunt approached and saw that his friend was in handcuffs and appeared to be in the process of being arrested for "suspicious activity."

9. Mr. Hunt's friend was yelling, so a couple other people were standing quietly nearby on the sidewalk observing the arrest, including Sharon Morrow.

10. Sharon Marrow used her smartphone to record the arrest and following events.

11. After a minute or two, Defendant Ogunjobi noticed Mr. Hunt.

12. Officer Ogunjobi turned away from the individual being detained, walked towards Mr. Hunt, and instructed him to move back.

13. In a brief exchange, Mr. Hunt asked Defendant Ogunjobi why the man was being arrested for suspicious activity because Mr. Hunt had not observed any unusual, suspicious, or dangerous activity.

14. Defendant Ogunjobi didn't answer, but Mr. Hunt complied with the request and walked back several additional steps.

15. Mr. Hunt did not raise his voice or provoke the officers.

16. The officers then led the arrestee—who was yelling but had been seated, cuffed, and compliant—to a police car parked on Market Street.

17. The officers put the arrestee into the backseat of the vehicle without incident, and Defendant Ogunjobi closed the door.

18. Ms. Morrow continued to record from her position on the sidewalk in between the vehicle and Mr. Hunt, who had moved behind her after Defendant Ogunjobi had told him to move back.

19. From the back door of the vehicle, Defendant Ogunjobi walked twelve paces—crossing by Ms. Morrow—toward Mr. Hunt and asked his name.

20. Mr. Hunt didn't tell him his name, but showed Defendant Ogunjobi a hospital wristband with Mr. Hunt's identifying information. Defendant Ogunjobi then turned to Officer Fournie that was still standing at the police car for a "second set of cuffs."

21. At this moment, other witnesses repeatedly stated that Mr. Hunt hadn't done anything wrong. But Defendant Ogunjobi instructed Mr. Hunt to put his hands behind his back.

22. Another person standing nearby on the sidewalk and Ms. Morrow both calmly pleaded that Mr. Hunt had not done anything wrong.

Electronically Filed - City of St. Louis - July 17, 2020 - 04:50 PM

23. Defendant Ogunjobi took no notice and instead instructed Mr. Hunt that he would be going to jail for "impeding an investigation" and "obstruction of justice."

24. Mr. Hunt then lay down on the sidewalk with his arms spread.

25. Ms. Morrow, who was still standing several paces from Defendant Ogunjobi, repeated calmly some variations of, "This guy didn't do anything. He did nothing."

26. Several more police officers arrived, including Defendant Jacob Stein.

27. Defendants Ogunjobi and Stein then pulled Mr. Hunt's hands behind his back while Mr. Hunt sat up. Mr. Hunt did not resist but the officers were not able to handcuff Mr. Hunt because they only had one pair of handcuffs and Mr. Hunt has very broad shoulders.

28. Defendants continued to try and pull Mr. Hunt's arms, causing him great pain. Mr. Hunt then attempted to stand up so that his arms could move freely behind his back.

29. At that point, Defendants and several other officers took hold of Mr. Hunt, jerking his body around to cuff his arms behind his back.

30. Eventually, the officers maneuvered Mr. Hunt back down to the ground, repeating, "Stop resisting," though no resistance was evident from where Ms. Morrow was standing.

31. Ms. Morrow continued to record from her smartphone, at all times multiple paces from the officers and Mr. Hunt, who was on the ground.

32. While attempting to handcuff Mr. Hunt, Defendant Stein tased Mr. Hunt multiple times while other officers knelt on or compressed various parts of his body.

4

33. As a group, the officers handcuffed Mr. Hunt by using two sets of handcuffs because of Mr. Hunt's broad shoulders, and they then moved him into a seated position on the sidewalk.

34. While Mr. Hunt was handcuffed and seated on the sidewalk, Defendant Stein told Mr. Hunt that he would be going to jail for a long time and that Defendant Stein was going to "fuck [Mr. Hunt] up" there on the sidewalk.

35. Mr. Hunt was then transported to the St. Louis Justice Center where he remained in jail until released.

36. Mr. Hunt was then charged with general peace disturbance, resisting arrest, and interfering with a police officer.

37. The charges, however, were dropped without explanation.

### COUNT I: FIRST AMENDMENT (Defendant Ogunjobi)

38. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Petition as fully set forth herein.

39. Mr. Hunt engaged in constitutionally protected expressive activity when he stood peacefully on a public sidewalk and spoke calmly to a police officer about the reasons his friend was being questioned and arrested.

40. Defendant Ogunjobi retaliated against Mr. Hunt for engaging in constitutionally protected expressive activity.

41. He decided to arrest Mr. Hunt because of retaliatory animus even as Mr. Hunt followed his instructions to "back up" when Defendant Ogunjobi was questioning his friend.

42. Arresting a person for their constitutionally protected expressive activity is an act that would chill a person of ordinary firmness from continuing to engage in a constitutionally protected activity and it did, in fact, chill Mr. Hunt.

43. The right to be free of governmental retaliation for exercise of free speech was clearly established at the time of the violations giving rise to this suit.

44. There was no probable cause to effect the retaliatory arrest of Mr. Hunt.

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgment in favor of Plaintiff and against Defendant Ogunjobi;

B. Award Plaintiff nominal, compensatory, and punitive damages against Defendant Ogunjobi for his violation of Plaintiff's clearly established First Amendment rights under color of state law;

C. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

D. Allow such other and further relief as the Court deems just and proper.

### COUNT II: FOURTH AMENDMENT
### Unlawful Seizure and Excessive Force (All Defendants)

45. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Petition as fully set forth herein.

46. Mr. Hunt was unlawfully seized by Defendants Ogunjobi and Stein.

47. Mr. Hunt's seizure was objectively unreasonable.

48. Mr. Hunt was unarmed, nonviolent, had not committed any crime and was not reasonably suspected of committing any crime, and posed no threat to the safety of any police officer or any other person.

Electronically Filed - City of St. Louis - July 17, 2020 - 04:50 PM

49. Even if Mr. Hunt's arrest was lawful—which it was not—the force applied by Defendants Ogunjobi and Stein was objectively unreasonable.

50. It was clearly established at the time that arresting a person in the absence of probable cause violates the Fourth Amendment.

51. It was also clearly established at the time that forcibly wrenching the arms of a compliant citizen and then tasing a non-resisting citizen was objectively unreasonable under the circumstances of this case.

52. Even if Mr. Hunt had resisted portions of his arrest, the tasing was objectively unreasonable once Mr. Hunt was compliant and posed no immediate danger to Defendants.

WHEREFORE, Plaintiff respectfully requests this Court:

    A. Enter judgment in favor of Plaintiff and against Defendants Ogunjobi and Stein;

    B. Award Plaintiff nominal, compensatory, and punitive damages against Defendants for their violation of Plaintiff's clearly established Fourth Amendment rights under color of state law;

    C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

**COUNT III: FAILURE TO INTERVENE (All Defendants)**

53. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Petition as fully set forth herein.

54. Defendants Ogunjobi and Stein were present before and during the violation of Mr. Hunt's First and Fourth Amendment rights.

55. Defendants Ogunjobi and Stein knew that Mr. Hunt's arrest lacked probable cause and was objectively unreasonable and unlawful.

56. Defendants Ogunjobi and Stein also knew that the amount of force used was not necessary to effect his arrest once he was compliant.

57. The officers failed to intervene with the unlawful arrest or the objectively unreasonable use of force, though they were immediately present and had a realistic opportunity to do so.

58. The officers knew that forcibly contorting Mr. Hunt's arms and tasing him would be a violation of his constitutional rights.

59. In the alternative to Count II, despite having an opportunity to prevent the excessive and retaliatory use of force against Mr. Hunt and a duty to do so, Defendants Ogunjobi and Stein failed to intervene.

WHEREFORE, Plaintiff respectfully requests this Court:

    A. Enter judgment in favor of Plaintiff and against Defendants;

    B. Award Plaintiff nominal, compensatory, and punitive damages against Defendants for their violation of Plaintiff's clearly established Fourth Amendment rights under color of state law;

    C. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

## COUNT IV: FALSE ARREST/FALSE IMPRISONMENT (Defendant Ogunjobi)

60. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Petition as fully set forth herein.

61. Defendant Ogunjobi intentionally caused the unlawful arrest, detention and restraint of Mr. Hunt against his will and without probable cause or legal justification.

62. Mr. Hunt was unarmed, nonviolent, had not committed any crime and was not reasonably suspected of committing any crime, and posed no threat to the safety of any police officer or any other person.

63. As a direct and proximate result of Defendant Ogunjobi causing the arrest, detention, and restraint of Mr. Hunt as described, Mr. Hunt suffered damages to his reputation and emotional well-being, as well as the loss of his freedom and personal liberty during the course of his detention.

64. The acts of Defendant Ogunjobi were intentional, wanton, done with malice, and in reckless or conscious disregard for the rights of Mr. Hunt so as to entitle Mr. Hunt to an award of punitive damages against Defendant.

WHEREFORE, Plaintiff respectfully requests this Court:

    A. Enter judgment in favor of Plaintiff and against Defendants;

    B. Award Plaintiff nominal, compensatory, and punitive damages in excess of $25,000 and costs against Defendants for their violation of Plaintiff's rights;

    C. Allow such other and further relief as the Court deems just and proper.

Dated: July 17, 2020

                                                 Respectfully submitted,

                                                 CARTER LAW FIRM, LLC

                                                 */s/ Jase Carter*
                                                 Jase Carter, Mo. Bar No. 63752
                                                 3407 S. Jefferson Ave., #109
                                                 St. Louis, MO 63118
                                                 (314) 675-1350
                                                 (314) 310-3386 (fax)
                                                 jase@carterfirm.law

                                                 *Attorney for Plaintiff*



**SHERIFF'S FEE PAID**

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09356 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>MARCUS HUNT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JASE COLEMAN CARTER<br>3407 S JEFFERSON AVE 109<br>SAINT LOUIS, MO 63118 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>STEVEN OGUNJOBI | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: STEVEN OGUNJOBI
Alias:
POE STL METRO POLICE DEPT
1915 OLIVE STREET
SAINT LOUIS, MO 63103

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

July 31, 2020                    _Thomas Kloeppinger_
_____              _____
Date                             Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____  _____
                        Date                       Notary Public

**Sheriff's Fees, if applicable**
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge           $   10.00
Mileage                          $_____ (_____ miles @ $._____ per mile)
Total                            $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



SHERIFF'S FEE PAID

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09356 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>MARCUS HUNT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JASE COLEMAN CARTER<br>3407 S JEFFERSON AVE 109<br>SAINT LOUIS, MO  63118 | Special Process Server 2 |
| | | Special Process Server 3 |
| Defendant/Respondent:<br>STEVEN OGUNJOBI | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: JACOB STEIN
Alias:
POE STL METRO POLICE DEPT
1915 OLIVE STREET
SAINT LOUIS, MO  63103

COURT SEAL OF
CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

July 31, 2020
Date

_Thomas Kloeppinger_ (signature)
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server   _____ Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)

Subscribed and sworn to before me on _____ (date).

My commission expires: _____   _____
Date                          Notary Public

**Sheriff's Fees, if applicable**
Summons                                      $_____
Non Est                                      $_____
Sheriff's Deputy Salary
Supplemental Surcharge                       $   10.00
Mileage                                      $_____ (_____ miles @ $._____ per mile)
Total                                        $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI**

Marcus Hunt,
  Plaintiff,

    vs.

Steven Ogunjobi Et Al,
  Defendant.

Case Number: 2022-CC09356

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Marcus Hunt, Plaintiff, in the above-styled cause.

/s/ B. Kyle Bass
Bryant Kyle Bass
Mo Bar Number: 65768
Attorney for Plaintiff
Carter Law Firm
3407 S Jefferson Ave, #109
Saint Louis, MO 63118
Phone Number: (314) 675-1882
kyle@carterfirm.law

**Certificate of Service**

I hereby certify that on _____August 7th, 2020_____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ B. Kyle Bass
Bryant Kyle Bass



# VERNON BETTS

SHERIFF
CITY OF ST. LOUIS
CIVIL COURTS BUILDING
10 NORTH TUCKER BOULEVARD
ST. LOUIS, MISSOURI 63101
622-4851

315-168 (Rev 7/17)

W/F4S   DIV #1

## Return of Service on Summons/Petition and Subpoena

**Defendant** JACOB STEIN  (STL POLICE)   **Doc. ID Number** 20-SMCC-5619

**Address** 1915 OLIVE ST.   **Case Number** 2022-CC09356

**Executed:**  [X] Summons / Petition   [ ] Subpoena

I hereby certify that I served the within **summons and petition** by:

[ ] Subpoena   **How Served:** _____

[ ] Posting copy of Summons and copy of Petition, to dwelling listed on above address.

[ ] Delivering a copy of the summons and a copy of the petition, to the Defendant/Respondent.
**How Served:** _____

[ ] Leaving a copy of the summons and a copy of the petition, at the dwelling place or usual abode of the Defendant/Respondent with a family member over the age of 15 years _____
[ ] Non-Est Reason: _____

[X] For service on a **Corporation/Partnership**: by delivering a copy of the Eviction/Replevin/Writ of Possession to
  [X] An Agent and/or Appointed Agent: Rojeana Helms (name) Legal Secretary (title).
  [ ] A Partner: _____ (name) _____ (title).
  [ ] A Managing or General Agent: _____ (name) _____ (title).
  [ ] The person in charge of defendant's business office _____ (name) _____ (title).
  [ ] The Registered Agent: _____ (name) _____ (title).
[ ] Non-Est Reason: _____

[ ] For service on **Limited Liability Company (LLC)**: by delivering a copy of the summons and a copy of the petition to:
  [ ] The Registered Agent: _____ (name) _____ (title).
  [ ] An Authorized Person: _____ (name) _____ (title).
  [ ] An Organizer: _____ (name) _____ (title).
[ ] Non-Est Reason: _____

Served at 1915 OLIVE ST. (address)
in (City of St. Louis), MO, on 8-12-20 (date) at 10:15 A.M (time).

BRIAN JONES   By 537   8-31-20
Print name of Sheriff or Server   Signature of Sheriff or Server

A copy of the execution must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**SHERIFF'S FEE PAID**

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division: | Case Number: 2022-CC09356 | |
|---|---|---|
| REX M BURLISON | | Special Process Server 1 |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address | |
| MARCUS HUNT | JASE COLEMAN CARTER | Special Process Server 2 |
| | 3407 S JEFFERSON AVE 109 | |
| vs. | SAINT LOUIS, MO 63118 | Special Process Server 3 |
| Defendant/Respondent: | Court Address: | |
| STEVEN OGUNJOBI | CIVIL COURTS BUILDING | |
| Nature of Suit: | 10 N TUCKER BLVD | |
| CC Other Miscellaneous Actions | SAINT LOUIS, MO 63101 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** JACOB STEIN
**Alias:**
POE STL METRO POLICE DEPT
1915 OLIVE STREET
SAINT LOUIS, MO 63103

COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

July 31, 2020

_Date_          _Clerk_ (Thomas Kloeppinger)

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer.
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____          _____
                          Date                    Notary Public

**Sheriff's Fees, if applicable**
Summons                                $_____
Non Est                                $_____
Sheriff's Deputy Salary
Supplemental Surcharge                 $   10.00
Mileage                                $_____ (_____ miles @ $_____ per mile)
Total                                  $_____

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# VERNON BETTS
SHERIFF
CITY OF ST. LOUIS
CIVIL COURTS BUILDING
10 NORTH TUCKER BOULEVARD
ST. LOUIS, MISSOURI 63101
622-4851

315-168 (Rev 7/17)

W/F 45

DIV #1

## Return of Service on Summons/Petition and Subpoena

**Defendant** STEVEN OGUNJOBI — STL POLICE    **Doc. ID Number** 20-SMCC-5618

**Address** 1915 OLIVE ST.    **Case Number** 2022-CC09356

**Executed:** ☒ Summons / Petition    ☐ Subpoena

I hereby certify that I served the within **summons and petition** by:

☐ Subpoena   **How Served:** _____

☐ Posting copy of Summons and copy of Petition, to dwelling listed on above address.

☐ Delivering a copy of the summons and a copy of the petition, to the Defendant/Respondent.
   **How Served:** _____

☐ Leaving a copy of the summons and a copy of the petition, at the dwelling place or usual abode of the Defendant/Respondent with a family member over the age of 15 years _____
☐ Non-Est Reason: _____

☒ For service on a **Corporation/Partnership**: by delivering a copy of the Eviction/Replevin/Writ of Possession to
   ☒ An Agent and/or Appointed Agent: Rojeaira Helms (name) Legal Secretary (title).
   ☐ A Partner: _____ (name) _____ (title).
   ☐ A Managing or General Agent: _____ (name) _____ (title).
   ☐ The person in charge of defendant's business office _____ (name) _____ (title).
   ☐ The Registered Agent: _____ (name) _____ (title).
☐ Non-Est Reason: _____

☐ For service on **Limited Liability Company (LLC)**: by delivering a copy of the summons and a copy of the petition to:
   ☐ The Registered Agent: _____ (name) _____ (title).
   ☐ An Authorized Person: _____ (name) _____ (title).
   ☐ An Organizer: _____ (name) _____ (title).
☐ Non-Est Reason: _____

Served at 1915 OLIVE ST _____ (address)
in (City of St. Louis), MO, on 8-12-20 (date) at 10:15 A.M. (time).

BRIAN JONES _____    By 537 _____ 8-31-20
Print name of Sheriff or Server    Signature of Sheriff or Server

A copy of the execution must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**SHERIFF'S FEE PAID**

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC09356 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>MARCUS HUNT | Plaintiff's/Petitioner's Attorney/Address<br>JASE COLEMAN CARTER<br>3407 S JEFFERSON AVE 109 | Special Process Server 2 |
| vs. | SAINT LOUIS, MO 63118 | Special Process Server 3 |
| Defendant/Respondent:<br>STEVEN OGUNJOBI | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | SAINT LOUIS, MO 63101 | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:** STEVEN OGUNJOBI
**Alias:**
POE STL METRO POLICE DEPT
1915 OLIVE STREET
SAINT LOUIS, MO 63103

COURT SEAL OF
CIRCUIT COURT OF MISSOURI
CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

July 31, 2020                    _Thomas Kloppinger_
Date                             Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server
Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)
My commission expires: _____   _____
                       Date              Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge $  10.00
Mileage              $_____ (_____ miles @ $.____ per mile)
Total                $_____

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.