**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARCUS HUNT,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:20-cv-01233-DDN** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **STEVEN OGUNJOBI, ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANT JACOB STEIN**

1. Defendant admits only that Plaintiff's Petition purports to assert violations of his constitutional rights but otherwise denies any genuine, valid or legitimate claim for damages as stated or alleged in paragraph 1 or in the Petition.

**PARTIES**

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

3. Defendant admits only that Defendants Stephen Ogunjobi and Jacob Stein were police officers employed by the City of St. Louis on April 14, 2019. The remaining allegations of this paragraph constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

7. Defendant admits only that Ogunjobi and Plaintiff had interacted on prior occasions. Defendant otherwise denies the allegations in paragraph 7.

8. Defendant admits only that Ogunjobi arrested an individual for a general peace disturbance violation at the corner of Tucker and Market Street on April 14, 2019. Defendant denies the remaining allegations in paragraph 8.

9. Defendant admits that the individual who was arrested for a peace disturbance violation was yelling. Defendant denies the remaining allegations in paragraph 9.

10. Defendant admits that Sharon Morrow recorded portions of Ogunjobi's interactions with the arrestee and Plaintiff. Defendant denies the remaining allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant admits that Ogunjobi and another officer led the arrestee to a police car parked on Market Street. Defendant otherwise denies the allegations in paragraph 16.

17. Defendant admits the allegations in paragraph 17.

18. Defendant admits that Morrow continued to record while standing on the sidewalk. Defendant denies the remaining allegations in paragraph 18.

19. Defendant admits that Ogunjobi approached Plaintiff and asked him to identify himself. Defendant denies the remaining allegations in paragraph 19.

20. Defendant denies that Plaintiff provided identification. Defendant admits that Ogunjobi asked another officer for a second set of handcuffs. Defendant denies the remaining allegations in paragraph 20.

21. Defendant admits that Morrow made statements throughout Plaintiff's arrest. Defendant further admits that Ogunjobi instructed Plaintiff to put his hands behind his back. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

22. Defendant admits only that Morrow made statements during Plaintiff's arrest. Defendant denies the remaining allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant admits the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant admits that officers instructed Plaintiff to stop resisting. Defendant denies the remaining allegations in paragraph 30.

31. Defendant admits that Morrow continued to record Plaintiff's arrest. Defendant denies the remaining allegations in paragraph 31.

32. Defendant admits only that he administered a drive-stun to Plaintiff three times because Plaintiff continued to resist arrest. Defendant denies the remaining allegations in paragraph 32.

33. Defendant admits that two sets of handcuffs were used to handcuff Plaintiff. Defendant denies the remaining allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore, denies them on that basis.

36. Defendant admits the allegations in paragraph 36.

37. Defendant admits that charges against Plaintiff were refused by the City prosecutor. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore, denies them on that basis.

## COUNT I

*The allegations in Count I are directed to Defendant Ogunjobi and are not directed to Defendant Stein. If the allegations of Count I, including ¶¶ 38-44, are ever construed to state a claim against this Defendant, Defendant Stein denies the allegations in ¶¶ 38-44.*

## COUNT II

45. Defendant incorporates by this reference all of his answers to paragraphs 1-44 as though fully set forth herein.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

## COUNT III

53. Defendant incorporates by this reference all of his answers to paragraphs 1-52 as though fully set forth herein.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

## COUNT IV

*The allegations in Count IV are directed to Defendant Ogunjobi and are not directed to Defendant Stein. If the allegations of Count IV, including ¶¶ 60-64, are ever construed to state a claim against this Defendant, Defendant Stein denies the allegations in ¶¶ 60-64.*

## JURY DEMAND

Defendant demands a jury trial on all issues triable to a jury.

## AFFIRMATIVE DEFENSES

Further answering, Defendant affirmatively states as follows:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendant is shielded from suit by the doctrine of qualified immunity because his conduct comported with established law and did not violate any clearly established constitutional right of which a reasonable person would have known.

3. Defendant is shielded from Plaintiff's state law claims, if any, by official immunity and the public duty doctrine.

4. Plaintiff is estopped from bringing this suit by his own actions or inactions, including but not limited to, Plaintiff's failure to bring claims at his first opportunity.

5. If a defendant or another party or entity makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any party, individual or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, that the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

6. Plaintiff's claims are barred by all applicable statutes of limitations or repose.

7. Plaintiff failed to mitigate his damages.

8. Plaintiff's state law claims, if any, are barred because Plaintiff consented through his conduct to the actions of Defendants.

9. If any portion of Plaintiff's alleged damages are divisible, Defendant asserts that such alleged damages may be subject to the doctrines of apportionment and/or alternate proximate cause.

10. Plaintiff voluntarily assumed or exposed himself to a risk which he knew or, in the exercise of ordinary care, should have known existed.

11. Plaintiff has no compensable damages.

12. The rights alleged by Plaintiff to have been violated by Defendant were not clearly established at the time.

13. Defendants had probable cause to arrest Plaintiff.

14. In light of the totality of the facts and circumstances confronting Defendant on the scene, the Defendant's use of force in this case was justified pursuant to RSMo. § 563.046 in that, *inter alia*:

   a. Stein's use of force to arrest Plaintiff was lawful, and Stein reasonably believed the arrest was lawful;

   b. Stein used force he reasonably believed was immediately necessary to effect Plaintiff's arrest;

   c. The amount of force Stein used to arrest Plaintiff was objectively reasonable in light of the totality of the particular facts and circumstances confronting him on the scene;

   d. Stein reasonably believed the use of force was immediately necessary to effect Plaintiff's arrest; and

   e. Stein reasonably believed there was probable cause for Plaintiff's arrest.

15.     Stein's use force in this case pursuant to and as described in RSMo. § 563.046 is an absolute defense to civil liability as provided in RSMo. § 563.074.1.

16.     Stein requests that this Court award attorney's fees, court costs, and all reasonable expenses incurred in defense of this civil action in his favor and against Plaintiff and her counsel pursuant to RSMo. § 563.074.

Defendant incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant specifically reserves the right to amend this Answer to include additional affirmative defenses at a later time.

Respectfully Submitted,

**JULIAN BUSH,
CITY COUNSELOR**

By:/s/ Erin K. McGowan_____
       Erin K. McGowan, #64020
       Associate City Counselor
       Room 314, City Hall
       1200 Market St.
       St. Louis, MO  63103
       314-622-3361
       314-622-4956 (fax)
       McGowanE@stlouis-mo.gov
       *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on **September 11, 2020** the foregoing Answer was filed with the

Court for service by means of Notice of Electronic Filing and sent via email to:

Jase Carter
3407 S. Jefferson Ave., #109
St. Louis, MO 63118w
jase@carterfirm.law
Attorney for Plaintiff


               /s/ Erin K. McGowan